IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT EARL WHITFIELD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-4041 |
| | § | |
| CHARLES ROSENTHAL, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se*, files this section 1983 lawsuit raising claims for violations of his civil rights by former district attorney Charles Rosenthal and plaintiff's court-appointed counsel, Michael Barrow.

After carefully reviewing the pleadings, the record, and the applicable law, the Court DISMISSES this lawsuit for the reasons that follow.

*Factual Background and Claims*

Plaintiff claims that the defendants threatened and coerced him into pleading guilty to criminal charges of sexual assault of a child in 2006, and that Barrow rendered ineffective assistance of counsel. Plaintiff claims that he did not sexually assault a child. He seeks monetary compensation for "false assassination of character" and being forced to plead guilty to an offense he did not commit. Plaintiff is currently in custody of the Harris County Jail for undisclosed reasons.

*Analysis*

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to scrutinize the basis of the complaint and, if appropriate, dismiss the case, or any part of it, without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

To prevail in a section 1983 lawsuit, a plaintiff must establish a deprivation of a right secured by federal law that occurred under color of state law, and which was caused by a state actor.  *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).  An attorney, even if court-appointed, is not a state actor for purposes of section 1983.  *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("Private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").  Accordingly, plaintiff's civil rights claims against his defense counsel lack an arguable basis in law and fail to state a claim.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Further, a district attorney is immune from liability for his actions in prosecuting criminal charges brought against a defendant.  *Brooks v. George County, Miss.*, 84 F.3d 157,

168 (5th Cir. 1996). Accordingly, plaintiff's civil rights claims against Charles Rosenthal and Michael Barrow are frivolous and fail to state a claim.

Regardless, plaintiff pleaded guilty to the criminal charges made the basis of this lawsuit, and has not alleged or shown that the conviction has been reversed or set aside. Accordingly, his section 1983 claims seeking monetary damages for this allegedly false criminal conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*,

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (footnote omitted). Because a judgment in favor of plaintiff in this lawsuit would necessarily imply the invalidity of his conviction, and because neither plaintiff nor this Court's review of Texas Department of Criminal Justice public records show that the conviction has been invalidated, plaintiff's section 1983 claims are barred.

*Conclusion*

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT. This dismissal counts as a "strike" against plaintiff under the provisions of 28 U.S.C. § 1915(g).

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas, on January 7, 2010.

_____
Gray H. Miller
United States District Judge